Peter M. de Jonge, UT 7185
Jed H. Hansen, UT 10679
Eric E. Westerberg, UT 12712
**THORPE, NORTH & WESTERN, LLP**
175 South Main Street, Suite 510
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff, American Covers, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| American Covers, Inc., a Utah corporation, <br><br> Plaintiff <br> v. <br><br> Impact Gel Corporation, a Wisconsin corporation, <br><br> Defendant. | **COMPLAINT** <br> **WITH JURY DEMAND** <br><br> Case No.: 2:16-cv-0082 <br><br> Judge: Dustin B. Pead |

Plaintiff American Covers, Inc. (hereinafter "Plaintiff" or "American Covers") by and through its counsel hereby files this Complaint with Jury Demand against Defendant Impact Gel Corporation ("Defendant").

**COMPLAINT**

American Covers complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      American Covers, Inc. is a Utah corporation having a principal place of business at 102 West 12200 South, Draper, Utah 84020.

2.      Upon information and belief, Defendant is a Wisconsin company with its principal place of business at 15833 W. Judd Street, Ettrick, Wisconsin 54627.

1

3.      Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1, Lanham Trademark Act, Title 15, United States Code § 1051, *et seq,* and under various other Utah state law and common law provisions.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over any state law, or statutory and common law claims pursuant to 28 U.S.C. § 1367.

6.      Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Utah and has sold the product at issue in this case into the state of Utah.

7.      Upon information and belief, this Court has general personal jurisdiction over Defendant since its contacts with Utah are substantial, continuous, and systematic and this action is based upon activities that arise out of, or are related to, those contacts.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district directly related to the patents and trademark at issue in this case, thereby causing harm to Plaintiff in this judicial district.

## GENERAL ALLEGATIONS
### PLAINTIFF'S PRODUCTS AND INTELLECTUAL PROPERTY

9.      American Covers is in the business of inventing, developing, manufacturing, distributing, and selling various products used in the automotive accessories market.

10.     Among American Covers' auto accessories is a frictional holding pad, advertised and sold using the mark, STICKY PAD. American Covers has been using the STICKY PAD mark for over fifteen years and has acquired substantial trademark rights in and goodwill associated with the mark.

11.     Additionally, American Covers is the owner of U.S. Trademark Registration No. 2,731,769 for the STICKY PAD mark, for use in connection with "removable non-slip surface

2

for use in vehicles to hold objects on dashboard and other interior surfaces."  A copy of the
STICKY PAD registration is attached hereto as Exhibit A.

      12.    American Covers' STICKY PAD product includes novel and unique technologies
and American Covers is the owner of several U.S. patents protecting those technologies,
including the following patents below, collectively referred to hereinafter as the "American
Covers Patents."  Copies of the American Covers Patents are attached hereto as Exhibit B.

| Patent No. | Title | Issue Date |
|---|---|---|
| US6673409 (the '409 Patent) | Frictional Holding Pad | January 6, 2004 |
| US7125602 (the '602 Patent) | Frictional Holding Pad | October 24, 2006 |
| US7252867 (the '867 Patent) | Frictional Holding Pad | August 7, 2007 |
| US7910188 (the '188 Patent) | Frictional Holding Pad | March 22, 2011 |
| US7923088 (the '088 Patent) | Frictional Holding Pad | April 12, 2011 |
| US8110269 (the '269 Patent) | Frictional Holding Pad | February 7, 2012 |
| US8110270 (the '270 Patent) | Frictional Holding Pad | February 7, 2012 |

### DEFENDANT'S MISCONDUCT

      13.    Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or
imports into the United States a frictional holding pad intended for use in connection with mobile
electronic devices in automobiles.  An image of one example of Defendant's frictional holding
pad product is illustrated below (hereinafter, the "Infringing Product").



14.     Upon information and belief, Defendant is in direct competition with American Covers in the automotive accessories market.

15.     Upon information and belief, Defendant makes, uses, sells, imports, offers for sale, and/or distributes the Infringing Product online through national online retailers, such as Amazon, across the United States, including in Utah.

16.     Upon information and belief, Defendant makes, uses, sells, imports, offers for sale, and/or distributes the Infringing Product through national retailer stores, such as Walmart and Home Depot, across the United States, including in Utah.

4

17.     The Infringing Product infringes at least one claim in each of the American Covers Patents.

18.     Defendant uses STICKY PAD in connection with the marketing and sale of Defendant's Product, which use infringes American Covers' trademark rights.

19.     Upon information and belief, Defendant's continued manufacture, use, sale, offer for sale, and import of the Infringing Product and use of STICKY PAD has injured, is injuring, and will continue to cause irreparable injury to American Covers.

20.     American Covers has been and continues to be significantly damaged by Defendant's actions.  So long as Defendant continues performing the unlawful and improper actions described in this Complaint, American Covers will continue to suffer irreparable harm that will not be fully compensable by money damages.

## FIRST CAUSE OF ACTION
### PATENT INFRINGEMENT OF THE AMERICAN COVERS PATENTS
### 35 U.S.C. § 271

21.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

Infringement of the '409 Patent

22.     American Covers owns the '409 Patent.

23.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or to practice the claims of the '409 Patent.

24.     The Infringing Product infringes at least claims 1-4, 14, 15-18, 28, and 29, either literally or under the doctrine of equivalents.

5

25.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative, a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

26.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.   As a consequence, Defendant has engaged in willful infringement of the '409 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Infringement of the '602 Patent

27.     American Covers owns the '602 Patent.

28.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or to practice the claims of the '602 Patent.

29.     The Infringing Product infringes at least claims 1-4, either literally or under the doctrine of equivalents.

6

30.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative, a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

31.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.   As a consequence, Defendant has engaged in willful infringement of the '602 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Infringement of the '269 Patent

32.     American Covers owns the '269 Patent.

33.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or to practice the claims of the '269 Patent.

34.     The Infringing Product infringes at least claims 1-4, either literally or under the doctrine of equivalents.

7

35. Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial. Among other remedies, American Covers is entitled to its lost profits or, in the alternative, a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284. Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages. American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

36. Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights. Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent. As a consequence, Defendant has engaged in willful infringement of the '269 Patent. American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Infringement of the '270 Patent

37. American Covers owns the '270 Patent.

38. At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or to practice the claims of the '270 Patent.

39. The Infringing Product infringes at least claims 1, 5, 7, and 9, either literally or under the doctrine of equivalents.

8

40.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative, a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

41.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.   As a consequence, Defendant has engaged in willful infringement of the '270 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### CONTRIBUTORY INFRINGEMENT OF THE AMERICAN COVERS' PATENTS
### 35 U.S.C. § 271

42.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

Contributory Infringement of the '602 Patent

43.     American Covers owns the '602 Patent.

9

44.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 11-28, 35-39, and 46 of the '602 Patent.

45.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '602 Patent.

46.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

47.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '602 Patent.

48.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

49.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged

in willful infringement of the '602 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Contributory Infringement of the '867 Patent

50.     American Covers owns the '867 Patent.

51.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 1, 3, 4, 7, 8, and 19 of the '867 Patent.

52.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '867 Patent.

53.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

54.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '867 Patent.

55.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that

11

has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

56.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '867 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Contributory Infringement of the '188 Patent

57.     American Covers owns the '188 Patent.

58.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 1-4, 11-17 of the '188 Patent.

59.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '188 Patent.

60.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

61.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '188 Patent.

62.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

63.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '188 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Contributory Infringement of the '088 Patent

64.     American Covers owns the '088 Patent.

65.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 1, 4, 6, 7, 8, 12, 15, and 19 of the '088 Patent.

66.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '088 Patent.

13

67.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

68.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '088 Patent.

69.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

70.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '088 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Contributory Infringement of the '269 Patent

71.     American Covers owns the '269 Patent.

14

72.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 9-13 of the '269 Patent.

73.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '269 Patent.

74.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

75.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '269 Patent.

76.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

77.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged

15

in willful infringement of the '269 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Contributory Infringement of the '270 Patent

78.     American Covers owns the '270 Patent.

79.     Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing at least claims 2 and 10 of the '270 Patent.

80.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '270 Patent.

81.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

82.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '270 Patent.

83.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that

has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

84.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '270 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION
### INDUCED PATENT INFRINGEMENT OF THE AMERICAN COVERS PATENTS
### 35 U.S.C. § 271

85.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

Induced Infringement of the '602 Patent

86.     American Covers owns the '602 Patent.

87.     Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claims 11-28, 35-39, and 46 of the '602 Patent.

88.     Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Product in a manner that Defendant knew, or should have known, would infringe the '602 Patent.

17

89.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '602 Patent.

90.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

91.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '602 Patent.

92.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

93.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '602 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

18

Induced Infringement of the '867 Patent

94.     American Covers owns the '867 Patent.

95.     Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claims 1, 3, 4, 7, 8, and 19 of the '867 Patent.

96.     Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Product in a manner that Defendant knew, or should have known, would infringe the '867 Patent.

97.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '867 Patent.

98.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

99.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '867 Patent.

100.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no

adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

101.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '867 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Induced Infringement of the '188 Patent

102.     American Covers owns the '188 Patent.

103.     Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claims 1-4, and 11-17 of the '188 Patent.

104.     Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Product in a manner that Defendant knew, or should have known, would infringe the '188 Patent.

105.     At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '188 Patent.

106.     Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

107.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '188 Patent.

108.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

109.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '188 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Induced Infringement of the '088 Patent

110.     American Covers owns the '088 Patent.

111.     Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claims 1, 4, 6-8, 12, 15, and 19 of the '088 Patent.

112.    Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Product in a manner that Defendant knew, or should have known, would infringe the '088 Patent.

113.    At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '088 Patent.

114.    Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

115.    Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '088 Patent.

116.    Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

117.    Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in

22

willful infringement of the '088 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

Induced Infringement of the '269 Patent

118.    American Covers owns the '269 Patent.

119.    Upon information and belief, Defendant actively induces its customers to make use of the Infringing Products in a manner that infringes at least claims 9-13 of the '269 Patent.

120.    Upon information and belief, Defendant possessed specific intent to encourage its customers to make use of the Infringing Product in a manner that Defendant knew, or should have known, would infringe the '269 Patent.

121.    At no time has American Covers granted Defendant permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the claims of the '269 Patent.

122.    Upon information and belief, the Infringing Product marketed and sold by Defendant has no substantial non-infringing uses.

123.    Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '269 Patent.

124.    Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money

damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no

adequate remedy at law and that will continue unless this infringing conduct by Defendant is

preliminarily and permanently enjoined.

125.    Upon information and belief, Defendant acted in an objectively reckless manner

with respect to American Covers' patent rights.  Upon information and belief, Defendant made,

used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts

would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in

willful infringement of the '269 Patent.  American Covers is therefore entitled to treble damages

and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35

U.S.C. §§ 284 and 285.

Induced Infringement of the '270 Patent

126.    American Covers owns the '270 Patent.

127.    Upon information and belief, Defendant actively induces its customers to make

use of the Infringing Products in a manner that infringes at least claims 2 and 10 of the '270 Patent.

128.    Upon information and belief, Defendant possessed specific intent to encourage its

customers to make use of the Infringing Product in a manner that Defendant knew, or should have

known, would infringe the '270 Patent.

129.    At no time has American Covers granted Defendant permission, license, or

authorization to make, use, sell, offer for sale, or import the Infringing Product or practice the

claims of the '270 Patent.

130.    Upon information and belief, the Infringing Product marketed and sold by

Defendant has no substantial non-infringing uses.

24

131.     Moreover, upon information and belief, the Infringing Product is known by Defendant to be especially made or especially adapted for use in an infringement of the '270 Patent.

132.     Upon information and belief, Defendant's infringing activities have damaged American Covers in an amount to be proven at trial.  Among other remedies, American Covers is entitled to its lost profits or, in the alternative a reasonable royalty to adequately compensate American Covers for Defendant's infringing activities under 35 U.S.C. §284.  Additionally, the harm to American Covers arising from these acts by Defendant is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Defendant is preliminarily and permanently enjoined.

133.     Upon information and belief, Defendant acted in an objectively reckless manner with respect to American Covers' patent rights.  Upon information and belief, Defendant made, used, sold, and offered for sale its Infringing Product knowing that it was highly likely that its acts would constitute infringement of a valid patent.  As a consequence, Defendant has engaged in willful infringement of the '270 Patent.  American Covers is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## FOURTH CAUSE OF ACTION
### INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114

134.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

135.     American Covers own a valid U.S. trademark registration for STICKY PAD.

136.    Defendant uses STICKY PAD on the packaging of the Infringing Product, which use is likely to cause confusion, to cause mistake, or to deceive and is trademark infringement in violation of 15 U.S.C. §1114 and is an infringement of American Covers' federal trademark registration.

137.    Upon information and belief, Defendant's infringement of STICKY PAD has caused and continues to cause damage and irreparable injury to the value and goodwill of the STICKY PAD mark as well as damage and cause irreparable injury to American Covers' goodwill, business, and reputation.

138.    Upon information and belief, Defendant's actions are deliberate, willful, fraudulent, and constitutes a knowing infringement of the STICKY PAD mark.

139.    American Covers is entitled to injunctive relief pursuant to 15 U.S.C. §1114.

140.    American Covers is entitled to damages and to recover Defendant's profits, in an amount to be proven at trial pursuant to 15 U.S.C. §1117(a).

141.    American Covers is entitled to recover treble damages pursuant to 15 U.S.C. § 1117(b).

142.    American Covers is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

### FIFTH CAUSE OF ACTION
#### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
#### 15 U.S.C. §1125(A)

143.    American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

144.    American Covers owns the STICKY PAD mark.

145.     Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with American Covers, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

146.     Defendant's conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. §1125(a).

147.     Upon information and belief, American Covers is likely to be, has been, and will continue to be damaged by Defendant's actions.

148.     Upon information and belief, American Covers has suffered actual damages and lost profits caused by Defendant's use of STICKY PAD, in an amount to be proven at trial. Additionally, the harm to American Covers from Defendant's actions is not fully compensable by money damages.  American Covers has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendant is permanently enjoined.

149.     On information and belief, Defendant knew of American Covers' trademark rights and willfully infringed American Covers' rights in the STICKY PAD mark.  Upon information and belief, Defendant's actions are willful, intentional and/or deliberate.

150.     American Covers is entitled to injunctive relief and monetary damages against Defendant pursuant to 15 U.S.C. §§1116-1117.

151.     American Covers is entitled to an award of costs and attorneys' fees pursuant to 15 U.S.C. §1117(a).

# SIXTH CAUSE OF ACTION
## UTAH UNFAIR COMPETITION
## U.C.A. § 13-5A-101 ET SEQ.

152.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

153.     Upon information and belief, Defendant has willfully, intentionally, and/or recklessly infringed the American Covers Patents.

154.     Upon information and belief, Defendant has willfully, intentionaly, and/or recklessly infringed the American Covers Patents through contributory and/or induced infringement.

155.     Upon information and belief, Defendant has willfully, intentionally, and/or recklessly infringed American Covers' trademark rights.

156.     Defendant's infringement of the American Covers Patents and the STICKY PAD mark is unlawful.

157.     Upon information and belief, American Covers has been injured by Defendant's infringing acts.

158.     Accordingly, Defendant's actions constitute unfair competition in violation of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 et seq.

159.     American Covers has suffered actual damages, including lost profits, as a result of Defendant's unfair business practices in an amount to be proven at trial.  Additionally, the harm to American Covers arising from these acts is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the unfair competition committed by Defendant is permanently

28

enjoined.

160.     American Covers is entitled to damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

161.     American Covers is entitled to punititve damages in an amount to be proven at trial pursuant to U.C.A. § 13-5a-103.

162.     American Covers is entitled to costs and attorneys' fees pursuant to U.C.A. § 13-5a-103.

**SEVENTH CAUSE OF ACTION**
**UTAH DECEPTIVE TRADE PRACTICES**
**U.C. A. § 13-11A-3**

163.     American Covers hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

164.     Upon information and belief, Defendant uses STICKY PAD with the intent that consumer will be confused.

165.     Upon information and belief, Defendant has passed off Defendant's goods and/or services as those of American Covers.

166.     On information and belief, Defendant has knowingly made false representations as to source, sponsorship, approval, or certification of Defendant's goods and/or services through use of STICKY PAD.

167.     Defendant's conduct is likely to cause confusion or misunderstanding as to source, sponsorship, approval or certification it is goods and services.

168.     Defendant's conduct is likely to cause confusion as to affiliation, connection, association with or certification by American Covers.

169.     Defendant's conduct constitutes a violation of the Utah Truth in Advertising Act.

170.     American Covers is entitled to recover damages for Defendant's conduct pursuant to U.C.A. § 13-11a-5 (2)(b).

171.     American Covers is entitled to recover attorneys' fees pursuant to U.C.A. § 13-11a-5(2)(c).

172.     American Covers is entitled to enjoin Defendant from further misleading acts and passing off pursuant to U.C.A. § 13-11a-5(2)(a).

## EIGHTH CAUSE OF ACTION
### (UNJUST ENRICHMENT UNDER UTAH COMMON LAW)

173.     American Covers hereby incorporates by this reference each and every preceding allegation of this Complaint as if set forth fully herein.

174.     Defendant has benefited from the improper, unfair, and unauthorized infringement of the American Covers Patents, as alleged herein.

175.     Defendant has benefited from the improper, unfair, and unauthorized use of STICKY PAD.

176.     Defendant knew, or should have known, that its actions were improper and fully appreciated the benefits received as a result of its improper actions.

177.     Defendant would be unjustly enriched if it were permitted to retain the benefits obtained from such actions.

178.     Equity and good conscience require that Defendant be required to account for, and pay to American Covers, an amount equal to value of the benefits conferred upon it.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiffs as follows:

A.      That the Court enter judgment that Defendant has infringed the '409, the '602, the '269, and the '270 Patents both literally and under the doctrine of equivalents in violation of 35 U.S.C. § 271;

B.      That the Court enter judgment that Defendant is liable to American Covers for contributory infringement of the '602, the '867, the '188, the '088, the '269, and the '270 Patents in violation of 35 U.S.C. § 271;

C.      That the Court enter judgment that Defendant is liable to American Covers for inducement to infringe the '602, the '867, the '188, the '088, the '269, and the '270 Patents in violation of 35 U.S.C. § 271;

D.      That the Court enter judgment declaring that Defendant's actions infringe Plaintiff's registered STICKY PAD mark in violation of 15 U.S.C. § 1114;

E.      That the Court enter judgment declaring that Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125;

F.      That the Court enter judgment declaring that Defendant's conduct constitutes unfair competition in violation of U.C.A. §13-5A-101 et seq.;

G.      That the Court enter judgment that Defendant is liable for deceptive trade practices under U.C. A. § 13-11A-3;

H.      That the Court enter judgment that Defendant has been unjustly enriched through its misconduct.

I.      That Defendant be ordered to pay damages to American Covers, together with interest, in an amount to be determined by this Court.

J.      That the Court award American Covers treble damages pursuant to 35 U.S.C. §284.

31

K.      That the Court award American Covers punitive damages pursuant to Utah Code.
Ann. § 13-5a-102 and § 13-5a-103.

L.      That the Court award American Covers costs and attorneys' fees related to this
action pursuant to 35 U.S.C. §285 and/or Utah Code. Ann. §§ 13-5a-102, 103.

M.      That the Court award American Covers prejudgment interest.

N.      That American Covers have such other and further relief as shall seem just and
proper to the Court.

O.      That the Court grant preliminary and permanent injunctive relief enjoining
Defendant, its officers, directors, principals, agents, servants, employees, successors, and
assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from
directly or indirectly infringing the American Covers Patents, including with limitation,
precluding Defendant from making, using, selling, offering for sale, or importing the Infringing
Product.

## **JURY DEMAND**

American Covers demands that all claims and causes of action raised in this Complaint
be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

DATED this 1st day of February, 2016.

**THORPE NORTH & WESTERN, LLP**

*/Eric E. Westerberg/*
Peter M. de Jonge
Jed H. Hansen
Eric E. Westerberg

*Attorneys for Plaintiff, American Covers, Inc.*